```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

GENERAL ELECTRIC CAPITAL         :
CORPORATION,                     :
                                 :
     Plaintiff,                  :
                                 :
          vs.                    :   No. 3:04cv316(WWE)
                                 :
NET TRANSPORTATION, INC.,        :
NET TRANSPORTATION SERVICES,     :
INC., DEF, INC., DANIEL SLOAN,   :
SR., and CLARENCE PLEMONS, JR.   :
                                 :
     Defendants.                 :
---------------------------------X
```

### Ruling on Defendant's Motions to Dismiss [doc. #26]

This case concerns financing agreements for certain commercial equipment signed by the defendants, Daniel Sloan and Clarence Plemons, Jr.  Previously, Sloan and Plemons each filed pro se motions to dismiss this action arguing that they had no expectation of litigation in Connecticut.  The Court construed these motions as motions to dismiss for lack of personal jurisdiction or improper venue.  However, on November 16, 2004, the Court denied both motions and instructed defendants to file motions for transfer by December 20, 2004.  Defendants failed to file any motion for transfer by such date.

At present, defendant Plemons has filed another identical motion to dismiss.  Since the Court has already considered whether the personal jurisdiction and venue in Connecticut are proper, the motion to dismiss will be denied.

1

The Court instructs defendants to file a motion to transfer the action to the relevant district court in Tennessee based on the convenience of the parties pursuant to 28 U.S.C. Section 1404(a).  See Carrano v. Harborside Healthcare Corporation, 199 F.R.D. 459 (D. Conn. 2001)(court may consider transfer after both parties have had an opportunity to provide briefing on the relevant issues).  Thus, the defendants should submit a motion to transfer that addresses the following relevant factors:  (1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice.

CONCLUSION

For the foregoing reasons, the motion to dismiss [#26] is DENIED.

Defendants are instructed to file a motion to transfer by October 28, 2005.

SO ORDERED, this 22d day of September, 2005, at Bridgeport, Connecticut.

/s/

_____
WARREN W. EGINTON,
Senior United States District Judge