UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GENERAL ELECTRIC CAPITAL           :
CORPORATION,                        :
                                    :
        Plaintiff,                  :
                                    :
        vs.                         : No. 3:04cv316(WWE)
                                    :
NET TRANSPORTATION, INC.,           :
NET TRANSPORTATION SERVICES,        :
INC., DEF, INC., DANIEL SLOAN,      :
SR., and CLARENCE                   :
PLEMONS, JR.,                       :
                                    :
        Defendants.                 :

## RULING ON RENEWED MOTION FOR SUMMARY JUDGMENT

This case concerns financing agreements between plaintiff General Electric

Capital Corporation ("GE Capital") and its predecessor-in-interest Phoenixcor and

defendant NET Transportation for certain commercial equipment guaranteed by

defendants Net Transportation Services, Inc., DEF Inc., Daniel Sloan and Clarence

Plemons, Jr.[1]

In a ruling dated May 4, 2006, this Court held that defendants had breached two

Master Lease Agreements ("MLA 1" and "MLA 2") and a Master Loan and Security

Agreement ("MLSA") and that plaintiff had properly sold eleven of thirteen pieces of the

equipment collateral.  However, this Court found that plaintiff had not addressed whether

the sale of two specific pieces of equipment satisfied the notice and reasonable

---

[1]The corporate defendants received proper service of the complaint but have
failed to answer the complaint.  No attorney has filed an appearance on behalf of any of
the corporate defendants.  Defendants Plemons and Sloan have appeared pro se and
have jointly filed an opposition to this motion for summary judgment.

commercial sale requirements of Connecticut General Statutes section 42a-9-612. The Court denied the motion for summary judgment without prejudice and requested plaintiff to submit a renewed motion that addressed compliance with Section 42a-9-612.[2]

For the following reasons, the renewed motion for summary judgment will be granted.

## FACTUAL BACKGROUND

The Court incorporates the factual background recited in its prior Ruling on Summary Judgment. The parties have submitted additional statements of fact, affidavits and exhibits relevant to the notice and sale of the two pieces of equipment subject to Section 42a-9-612 . These submissions reveal that the following additional facts are not in dispute.

GE Capital repossessed the two pieces of equipment on June 18, 2003. On August 18, 2003, GE Capital sent a Notice of Sale to defendants and all interested parties. GE Capital turned the equipment over to its Remarketing Department, which evaluated each piece of equipment and furnished condition reports. The two pieces of equipment were appraised for a combined collective book value of $40,000.

As part of its normal course of business, the Remarketing Department advertised the equipment by placing ads and pictures on its website at www.gewheels.com. Equipment advertised on this website is viewed by the general public, including brokers and dealers. Advertising equipment on a website, trade magazine or newspaper is

---

[2]The Court also indicated that it would hold a hearing to resolve any credibility issues, if necessary. However, upon review of the submitted evidence, the Court does not require such a hearing.

2

consistent with the common practices of the market for used tractors of this type.

Thereafter, the Remarketing Department was approached by Driver and Equipment Placement Services ("D & E"), which specializes in the placement of such tractors and had previously negotiated with GE Capital to place other similar pieces of equipment.

D & E matched the two pieces of the repossessed equipment with buyers willing to pay retail prices. Prentice Brown bought one tractor on November 26, 2003 for $29,000, and Quality Leasing Company bought the other tractor on January 8, 2004 for $16,000 in cash. These purchase prices represent retail values consistent with the market for used equipment of this type at the time of disposition.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

3

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, a "bald assertion" unsupported by evidence cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Connecticut General Statutes section 42a-9-610, which parallels UCC section 9-610, governs disposition of collateral after default of a security agreement. It provides, in relevant part: "After default, a secured party may sell, lease, license or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." Connecticut General Statutes section 42a-9-611 mandates further that "a secured party that disposes of collateral under section 42a-9-610 shall send" a "reasonable authenticated notification of disposition" to the debtor, secondary obligor and any other interested party. Notice of disposition is sent within a reasonable time if sent ten days or more before the earliest time of disposition. Conn. Gen. Stat. § 42a-9-612.

4

**Notice**

A notice of sale must provide information relevant to:  (1)  the identity of the debtor and the secured party; (2) the collateral that is the subject of the intended disposition; (3) the method of intended disposition; (4) the debtor's entitlement to an accounting of the unpaid indebtedness; (5) the time and place of a public disposition or the time after which any other disposition is to be made.  Conn. Gen. Stat. § 42a-9-613.

Plaintiff has provided a "Proof of Service" that demonstrates proper service of its "Notice of Sale."   The Notice identifies the debtors, NET Transportation, Net Transportation Services, DEF, Sloan and Plemons, and the collateral.  The notice stated that each listed piece of equipment would be sold at a private sale "on or after the date which is ten days from the date of this notice."  Although the notice does not use the word "accounting," it notified the debtors of their right to request the specific amount owing by contacting certain GE Capital employees.  Upon review of the Notice, the Court finds that it is in compliance with Connecticut's notice requirements.

**Commercially Reasonable Manner**

Section 42a-9-627 provides that disposition is commercially reasonable if the disposition is made (1) in the usual manner on any recognized market; (2) at the price current in any recognized market at the time of disposition; (3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.   Generally, proof of disposition in a commercially reasonable manner includes evidence of advertising, individuals contacted, the normal relevant commercial practices, length of time between the repossession and the sale, whether

any deterioration had occurred, the number of bids, and the price obtained.   See Connecticut Bank and Trust Co. N.A. v. Victor Incendy., 207 Conn. 15, 28 (1988).

Plaintiff has provided adequate proof that the disposition of the collateral was conducted in a commercially reasonable manner.

**Damages**

GE Capital requests the Court to award damages in the amount of $1,098,753.42.  This Court has already found liability for breach of the three contracts at issue. Specifically, plaintiff submits that it is owed $587,546.85 for breach of the MLSA, $645,410.95 for breach of MLA 1, and $381,295.63 for breach of MLA 2.  However, plaintiff mitigated its damages by sale of the repossessed equipment for a total of $515,500.  The Court finds that GE Capital is entitled to recover $1,098,753.42.

<u>**Conclusion**</u>

For the foregoing reasons, the motion for summary judgment [#44] is GRANTED. The clerk is instructed to enter judgment against all defendants in the amount of $1,098,753.42, and to close this case.

SO ORDERED, this 18 day of December, 2006, at Bridgeport, Connecticut.

_____
WARREN W. EGINTON,
SENIOR UNITED STATES DISTRICT JUDGE